UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: NATIONAL HOME CENTERS, INC.,     CASE NO. 4:09-bk-76195
          Debtor     CHAPTER 11

## MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO USE CASH AND OTHER COLLATERAL, (2) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS, AND (3) SETTING FINAL HEARING

National Home Centers, Inc. ("NHC" or the "Debtor"), submits this motion (the "Motion") seeking entry of an interim order (the "Interim Order") and a final order (the "Final Order") (1) authorizing the Debtor to use cash and other collateral, (2) granting adequate protection, and (3) setting final hearing as follows:

1. On December 8, 2009 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no committees have been appointed or designated.

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

848490-v1

4. The statutory bases for the relief requested herein are sections 105, 361, 362, 363, and 364 of the Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

5. NHC was founded in 1972 as a distributor and retailer of homebuilding materials to construction contractors, homebuilders and do-it-yourself consumers primarily in Arkansas, Oklahoma, Kansas and Missouri. NHC's product lines include appliances, home décor, dimensional lumber, hardware, doors, a wide variety of other construction and homebuilding materials, and furniture.

6. NHC operates retail home centers in Springdale, Russellville, Little Rock, Bentonville, North Little Rock, Conway, Fort Smith and Clarksville. A retail home center in Heber Springs was closed in June of 2009. NHC maintains its corporate office at 1106 N. Old Missouri Road in Springdale, Arkansas. NHC also operates retail flooring centers in Springdale and Conway. NHC presently employs approximately 514 people in Arkansas, approximately 321 of whom are hourly employees and 193 are salaried employees. NHC also utilizes a number of independent contractor installers on a contract basis.

7. NHC's sales are conducted through building contractors and, although it maintains a solid reputation among its customer base, the nationwide decline in homebuilding activity has adversely affected Debtor's operations. The U.S. Department of Housing and Urban Development, estimated that privately-owned building permits indicating future construction projects declined 47% from May, 2008 to May, 2009 and privately owned housing starts in May, 2009 were 45.2% below the May, 2008 levels. These market

conditions substantially impacted NHC's sales. During the same period, credit markets providing NHC and related industry borrowers, including many of NHC's customers, with necessary revolving operating lines of credit have significantly tightened, and NHC's working capital has been significantly constricted.

8. The bankruptcy filing provides NHC with the platform necessary to reorganize and restructure its operations as a going concern in order continue its business operations, maintain adequate working capital, minimize costs of the reorganization, protect the jobs of its employees and propose a plan of reorganization to pay its creditors.

9. JPMorgan Chase Bank ("JPMorgan"), as Lender and Agent for financial institution The CIT Group/Business Credit, Inc. ("CIT") provided a pre-petition credit facility to the NHC (collectively, JPMorgan and CIT are referenced herein as the "Secured Lenders"). As of the Petition Date, the principal amount of the owed to the Secured Lenders under the Credit Agreement dated August 12, 2004, as subsequently amended and extended by the terms of various amendments through the Eighth Amendment, is currently approximately $11,808,000.00 (the "Secured Indebtedness").

10. To secure the Secured Indebtedness, NHC granted to the Secured Lenders, first priority security interests and liens on its personal property, including but not limited to accounts receivable and inventory pursuant to the Credit Agreement, Security Agreement (Personal Property), dated as of August 12, 2004, between Borrower and Agent (the "Security Agreement") and all other documents, notes and agreements executed in connection with the Credit Agreement (collectively, the "Credit Documents"). Additional collateral in the form of real estate mortgages on two tracts of property was taken in January of 2008. All Collateral

(as defined in the Credit Documents) that existed as of the Petition Date and all pre-petition and post-petition proceeds thereof shall hereafter be referred to as the "Prepetition Collateral."

11. JPMorgan, as Agent and Lender, for its benefit and the benefit of the Secured Lenders perfected security interests and liens in and on the Prepetition Collateral by the filing of UCC 1 financing statements with the proper state and county offices for the perfection of such security interests and mortgages in the real estate records of the counties in which the property is located.

12. More complete information regarding NHC, its business, the financial challenges experienced by NHC, the events leading to this chapter 11 case, and NHC's objectives in reorganizing its financial affairs will be provided upon request.

## Relief Requested

13. Attached hereto as Exhibit 1 is the proposed Interim Order (1) Authorizing Debtor to Use Cash Collateral, (2) Granting Adequate Protection to Secured Lenders and (3) Setting Final Hearing (the "Proposed Interim Order"). The Proposed Interim Order sets forth the terms and conditions upon which the Debtor requests the use of cash collateral pledged to Secured Lenders as collateral ("Cash Collateral") and the use of Prepetition Collateral and proposes adequate protection to the Secured Lenders. The Proposed Interim Order will make working capital available which will allow Debtor to maintain normal operations, pay its employees, pay post-petition acquisition of goods and services and preserve the going concern value of the Debtor. Unless otherwise defined herein all capitalized terms used herein shall have the meaning as defined in the Proposed Interim Order. By this Motion the Debtor requests that the Proposed Interim Order be entered.

14.     The amount of the Secured Indebtedness that is due and payable to the Secured Lenders as of the Petition Date is $11,808,289.41. The value of the collateral securing the Secured Indebtedness as of the Petition Date is $32,456,706.56 consisting of Inventory with a book valued at $18,599,555.00, Accounts Receivable with a book value of $13,857,151.56 and real estate with a value of approximately $1,500,000.00. Even under the Secured Lender's restrictive prepetition credit availability formula, the value of the collateral upon which the Secured Lenders would lend was $15,756,135.46, excluding the value of real estate. Under this calculation, the Prepetition Indebtedness is secured by Prepetition Collateral having a value as of the Petition Date that exceeds the amount of such claim, then, to the extent of such excess, the Secured Lenders would be entitled to an allowed secured claim for (i) post-petition interest on such claim and (ii) any reasonable fees, costs and charges provided for under the Prepetition Credit Documents, and as allowed by the Court.

15.     A budget setting forth all projected cash receipts, sales and cash disbursements (by line item) on a weekly basis for the time period from and including December 9, 2009, through January 3, 2010, is attached as Exhibit A to the Proposed Interim Order (the "Initial Budget"). Debtor requests approval of the Initial Budget as set forth in the Proposed Interim Order and pursuant to the terms and conditions contained therein. The Debtor requests authorization to use the Cash Collateral in accordance with and pursuant to the terms and provisions of the Proposed Interim Order and to the extent required to pay expenses enumerated in the Initial Budget.

16.     As adequate protection for any Cash Collateral expended by the Debtor and the use, consumption, sale or other disposition of other Prepetition Collateral and any proceeds

thereof, Debtor request that the Secured Lenders be granted, pursuant to sections 361(2), 363(c)(2), and 363(e) of the Bankruptcy Code, continuing valid, binding, enforceable and perfected, liens and security interests as set forth in the Proposed Interim Order.

17. Debtor further requests that the Final Order contain a carve out for retained professionals for fees and expenses accrued or incurred after the Petition Date and ultimately allowed on a final basis by this Court under sections 330 and 331 of the Bankruptcy Code and any other carve outs as may be proposed by Debtor prior to the entry of the Final Order.

18. The adequate protection provided to the Secured Lenders for any decline in the value of such parties' interest in the Prepetition Collateral from and after the Petition Date pursuant to the provisions of the Proposed Interim Order is consistent with and authorized by the Bankruptcy Code and is offered by the Debtor to protect the Secured Lenders' interests in the Prepetition Collateral, including from the use of Cash Collateral, in accordance with sections 361, 362 and 363 of the Bankruptcy Code.

19. Good cause exists for entry of the Proposed Interim Order. Entry of the Proposed Interim Order will increase the possibility of maximizing the value of the Debtor's assets and continuation of its business through reorganization and will avoid immediate and irreparable harm to, and is in the best interests of, the Debtor (including its employees), its creditors and its Estate.

20. Debtor further requests that the Court approve the procedure for Objections as set forth in the Proposed Interim Order and set a final hearing on this Motion at which time the Debtor requests that a Final Order as contemplated by the Proposed Interim Order be entered.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Interim Order granting such relief as set forth therein, and upon Final Hearing, enter a Final Order as set forth herein and for all other relief to which Debtor is entitled.

                                     WRIGHT, LINDSEY & JENNINGS LLP
                                     200 West Capitol Avenue, Suite 2300
                                     Little Rock, AR  72201
                                     Telephone: 501-371-0808
                                     Fax:        501-376-9442
                                     Email: ccoleman@wlj.com
                                                     jhenry@wlj.com
                                                     ktucker@wlj.com

By: _____
                                     Charles T. Coleman (80030)
                                     Judy Simmons Henry (84069)
                                     Kimberly Wood Tucker (83175)
                                     Attorneys for National Home Centers, Inc.

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was sent via CM/ECF transmission and/or regular U.S. Mail, postage prepaid, to the parties listed on the attached Special Service List this ____ day of December, 2009.

*[signature]*
Charles T. Coleman

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: NATIONAL HOME CENTERS, INC.,       CASE NO. 4:09-bk-76195
Debtor      CHAPTER 11

## SPECIAL SERVICE LIST

United States Trustee
200 West Capitol Avenue, Ste 1200
Little Rock, AR 72201

Banc of America Leasing & Capital, LLC
2059 Northlake Parkway
4 South
Tucker, GA 30084

CitiCapital Commercial Corporation
PO Box 168647
Irving, TX 75016

CitiCapital Technology Finance, Inc.
1255 Wrights Lane
West Chester, PA 19380

CitiCorp Leasing, Inc.
450 Mamaroneck Avenue
Harrison, NY 10528

Frigidaire Financial Corporation
PO Box 855
Worthington, OH 43085

JPMorgan Chase Bank,
a NY Banking Corporation
2200 Ross Avenue, 3rd Floor
Dallas, TX 75201

840527-v1

David Weitman
K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, TX 75201

Liberty Bank of Arkansas
PO Box 10890
Fayetteville, AR 72703

Wells Fargo Equipment Finance, Inc.
733 Marquette Avenue, Suite 700
Minneapolis, MN 55042

Whirlpool Corporation
PO Box 166109
Irving, TX 75016

Whirlpool Corporation
500 Momany Drive
Saint Joseph, MI 49085

JP Morgan Chase
2200 Ross Avenue, 6th Floor
Dallas, TX 72501

Liberty Bank
P.O. Box 10890
Fayetteville, AR 72703

CitiCapital Technology
P.O. Box 550599
Jacksonville, FL 32255-0599

Bank of America
2059 Northlake Parkway, Suite 3
North Tucker, GA 30084

Bank of America
2059 Northlake Parkway, Suite 3
North Tucker, GA 30084

Newman Family LLC
2491 East Joyce Blvd.
Fayetteville, AR 72703

840527-v1                                    2

Dwain and Glenda Newman
2491 East Joyce Blvd.
Fayetteville, AR 72703

Cedar Creek of Arkansas
P.O. Box 843717
Dallas, TX 75284-3717

Guardian Building Products
P.O. Box 207
Greenville, SC 29602

Cedar Creek
P.O. Box 843713
Dallas, TX 75284-3713

Shaw Industries, Inc.
P.O. Box 100775
Atlanta, GA 30384-0775

Boise Building Solutions Distribution
P.O. Box 471290
Tulsa, OK 74147-0465

Bluelinx – Atlanta
P.O. Box 536455
Atlanta, GA 30353-6455

Climatic Home Products
P.O. Box 25189
Columbia, SC 29224

Brandon Company
401 North Vine
North Little Rock, AR 72114

Universal Furniture International, Inc.
P.O. Box 751558
Charlotte, NC 28275-1588

Daltile Corporation
P.O. Box 730578
Dallas, TX 75373-0578

General Aluminum Company of Texas, LP
P.O. Box 841377
Dallas, TX 75284-1377

The Buying Source, LLC
P.O. Box 890727
Charlotte, NC 28278-0727

Adleta Company, Inc.
1645 Diplomat Drive
Carrollton, TX 75006

TBA, LLC
L-2944
Columbus, OH 43260-2944

Quality Wholesale Building Products
11701 Kinard
North Little Rock, AR 72117

Orgill, Inc.
P.O. Box 1000 Dept. 7
Memphis, TN 38148

Krestmark Industries, LP
P.O. Box 226837
Dallas, TX 75222-6837

Weather Shield Manufacturing, Inc.
Drawer 684061
Milwaukee, WI 53268-4061

Bent River Lumber
P.O. Box 4770
Tulsa, OK 74159

Henry Wurst, Inc.
P.O. Box 790379
St. Louis, MO 63179

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE:  NATIONAL HOME CENTERS, INC.,              CASE NO. 4:09-bk-76195
        Debtor                                     CHAPTER 11

**INTERIM ORDER (1) AUTHORIZING DEBTOR TO USE CASH AND OTHER COLLATERAL, (2) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS AND (3) SETTING FINAL HEARING**

This matter having come for hearing on the motion of National Home Centers, Inc. (hereinafter "Debtor" or "NHC"), (the "Motion") seeking entry of an interim order (the "Interim Order") and a final order (the "Final Order") (1) authorizing the Debtor to use cash and other collateral of JPMorgan Chase Bank and The CIT Group/Business Credit, Inc. (the "Secured Lenders"), (2) granting adequate protection, and (3) setting final hearing, and the Court having determined that it is in the best interest of the Debtor, its Estate, creditors, and all other parties-in-interest and does not prejudice the right of any party-in-interest in this case to establish the procedures proposed by the Debtor, and it appearing that proper notice of the Motion was given, and it further appearing that no objections have been filed or that any timely objection is hereby overruled, and the Court having reviewed the record and being otherwise sufficiently advised and having considered same hereby ORDERS AS FOLLOWS:

1. The Motion is Granted, and the defined terms in the Motion are adopted herein.

2. The Initial Budget ("Initial Budget") attached hereto as Exhibit A is approved.

3. The Debtor is authorized to use the Cash Collateral, as that term is set forth in the Motion and as defined in section 363(a) of the Bankruptcy Code, of the Secured Lenders to the extent set forth in the Initial Budget.

848593-v1                        Exhibit 1

4. As adequate protection for the use of the Lenders' Prepetition Cash Collateral expended by the Debtor and the use, consumption, sale or other disposition of other Prepetition Collateral and any proceeds thereof, the Secured Lenders shall be granted, pursuant to sections 361(2), 363(c)(2), and 363(e) of the Bankruptcy Code, replacement liens that are valid, binding, enforceable and perfected and security interests in and to Postpetition Cash Collateral as replacement for the use of Prepetition Cash Collateral and Postpetition Collateral.

5. The Debtor shall, on or before December 11, 2009, mail copies of this Order, together with a copy of the Motion, to all parties having been given notice of the interim hearing, all secured creditors, counsel to any official committee of unsecured creditors appointed in this case, the Office of the United States Trustee, and all parties who have filed requests for notice under Federal Rule of Bankruptcy Procedure.

6. Any objection to entry of a Final Order shall be filed no later than 4:00 p.m. on _____ and served upon Debtor's counsel.

7. A final hearing on the Motion will be held before the Court at Room 416, Federal Building, 35 E Mountain Street, Fayetteville, Arkansas 72702 on December __, 2009 at _____.

IT IS SO ORDERED.

_____
UNITED STATES BANKRUPTCY JUDGE

DATE: _____

Prepared By:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: ccoleman@wlj.com
        jhenry@wlj.com
        ktucker@wlj.com

By _____
   Charles T. Coleman (80030)
   Judy Simmons Henry (84069)
   Kimberly Wood Tucker (83175)
   Attorneys for National Home Center, Inc.

**NATIONAL HOME CENTERS, INC.**
**WEEKLY CASH PROJECTIONS**

| Week Ending | 1<br>12/13/2009 | 2<br>12/20/2009 | 3<br>12/27/2009 | 4<br>1/3/2010 |
|---|---|---|---|---|
| **Beginning cash balance** | 1,570,000 | 2,963,413 | 3,484,712 | 2,638,812 |
| **Cash Receipts** | | | | |
| Collections on Accounts Receivable | 3,420,100 | 3,003,100 | 813,200 | 390,300 |
| Cash Sales | 266,100 | 309,400 | 247,500 | 306,000 |
| Other | - | - | - | - |
| Total Cash Receipts | 3,686,200 | 3,312,500 | 1,060,700 | 696,300 |
| **Cash Disbursements** | | | | |
| Inventory Purchases | 1,615,187 | 1,243,000 | 969,000 | 880,000 |
| Misc. AP/Operating Expenses | 397,800 | 407,300 | 302,250 | 288,900 |
| Installers | 120,000 | 100,000 | 100,000 | 100,000 |
| Payroll/Benefits | 158,000 | 585,000 | 155,000 | 565,000 |
| Sales Taxes | - | 438,500 | 380,000 | - |
| Rents | - | - | - | 250,055 |
| Interest | 1,800 | 17,401 | 350 | 61,000 |
| Other | - | - | - | - |
| Total Cash Disbursements | 2,292,787 | 2,791,201 | 1,906,600 | 2,144,955 |
| **Net Cash Flows before Financing** | 1,393,413 | 521,299 | (845,900) | (1,448,655) |
| **DIP Financing (Repayments)** | - | - | - | - |
| **Ending cash balance** | 2,963,413 | 3,484,712 | 2,638,812 | 1,190,157 |

Exhibit A

NATIONAL HOME CENTERS, INC.
WEEKLY CASH PROJECTIONS

| Week Ending | 1<br>12/13/2009 | 2<br>12/20/2009 | 3<br>12/27/2009 | 4<br>1/3/2010 |
|---|---|---|---|---|
| Beginning cash balance | 1,570,000 | 2,963,413 | 3,484,712 | 2,638,812 |
| **Cash Receipts** | | | | |
| Collections on Accounts Receivable | 3,420,100 | 3,003,100 | 813,200 | 390,300 |
| Cash Sales | 266,100 | 309,400 | 247,500 | 306,000 |
| Other | - | - | - | - |
| Total Cash Receipts | 3,686,200 | 3,312,500 | 1,060,700 | 696,300 |
| **Cash Disbursements** | | | | |
| Inventory Purchases | 1,615,187 | 1,243,000 | 969,000 | 880,000 |
| Misc. AP/Operating Expenses | 397,800 | 407,300 | 302,250 | 288,900 |
| Installers | 120,000 | 100,000 | 100,000 | 100,000 |
| Payroll/Benefits | 158,000 | 585,000 | 155,000 | 565,000 |
| Sales Taxes | - | 438,500 | 380,000 | - |
| Rents | - | - | - | 250,055 |
| Interest | 1,800 | 17,401 | 350 | 61,000 |
| Other | - | - | - | - |
| Total Cash Disbursements | 2,292,787 | 2,791,201 | 1,906,600 | 2,144,955 |
| Net Cash Flows before Financing | 1,393,413 | 521,299 | (845,900) | (1,448,655) |
| DIP Financing (Repayments) | - | - | - | - |
| Ending cash balance | 2,963,413 | 3,484,712 | 2,638,812 | 1,190,157 |