UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: NATIONAL HOME CENTERS, INC.,     CASE NO. 4:09-bk-76195
Debtor     CHAPTER 11

### DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE CONTINUED USE OF EXISTING (i) CASH MANAGEMENT SYSTEM, (ii) BANK ACCOUNTS, (iii) BOOKS AND RECORDS, AND (iv) BUSINESS FORMS

National Home Centers, Inc. ("NHC" or the "Debtor"), submits this Emergency Motion for Order Authorizing the Continued Use of Existing (i) Cash Management System, (ii) Bank Accounts, (iii) Books and Records and (iv) Business Forms (the "Motion").

1. On December 8, 2009 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no committees have been appointed or designated.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § § 157. Venue of this case is proper in this district pursuant to 28 U.S.C. § § 1408(1) and (2).

### Background

3. NHC was founded in 1972 as a distributor and retailer of homebuilding materials to construction contractors, homebuilders and do-it-yourself consumers primarily in Arkansas, Oklahoma, Kansas and Missouri. NHC's product lines include appliances, home

838063-v1

décor, dimensional lumber, hardware, doors, a wide variety of other construction and homebuilding materials, and furniture.

4. NHC operates retail home centers in Springdale, Russellville, Little Rock, Bentonville, North Little Rock, Conway, Fort Smith and Clarksville. A retail home center in Heber Springs was closed in June of 2009. NHC maintains its corporate office at 1106 N. Old Missouri Road in Springdale, Arkansas. NHC also operates retail flooring centers in Springdale and Conway. NHC presently employs approximately 514 people in Arkansas, approximately 321 of whom are hourly employees and 193 are salaried employees.

5. NHC's sales are conducted through building contractors and, although it maintains a solid reputation among its customer base, the nationwide decline in homebuilding activity has adversely affected Debtor's operations. The U.S. Department of Housing and Urban Development, estimated that privately-owned building permits indicating future construction projects declined 47% from May, 2008 to May, 2009 and privately owned housing starts in May, 2009 were 45.2% below the May, 2008 levels. These market conditions substantially impacted NHC's sales. During the same period, credit markets providing NHC and related industry borrowers, including many of NHC's customers, with necessary revolving operating lines of credit have significantly tightened, and NHC's working capital has been significantly constricted.

6. The bankruptcy filing provides NHC with the platform necessary to reorganize and restructure its operations as a going concern in order continue its business operations, maintain adequate working capital, minimize costs of the reorganization, protect the jobs of its employees and propose a plan of reorganization to pay its creditors.

7. More complete information regarding NHC, its business, the financial challenges experienced by NHC, the events leading to this chapter 11 case, and NHC's objectives in reorganizing its financial affairs will be provided upon request.

### Facts Specific to the Relief Requested Herein

8. The Debtor maintains a centralized cash management system, which incorporates the use of 5 bank accounts held at Arvest Bank and Liberty Bank. In addition, the Debtor maintains an automated record-keeping system, which generates a large portion of their books and records, as well as certain computer-generated and preprinted business forms and funds its payroll through Automatic Data Processing, Inc. ("ADP") on a weekly basis. To avoid disruption in its normal business operations, the Debtor requests that the Court enter an order authorizing the maintenance and continued use of its existing cash management system, bank accounts, books and records and business forms as set forth herein.

### Debtor's Prepetition Cash Management System/Bank Accounts

9. The Debtor's prepetition cash management system revolved around a Concentration Account at Arvest Bank, Account No. 11526971(the "Concentration Account"). Prior to the Petition Date, substantially all deposits including proceeds of Debtor's accounts receivable and credit card deposits were deposited directly into the Concentration Account, which is a blocked account and all funds in the Concentration Account were wire transferred to JPMorgan Chase on a daily basis and applied to Debtor's Secured Indebtedness and Revolving Credit Facility.

10. A miscellaneous deposit account is maintained at Liberty Bank, Account No. 8717109 which is primarily used for the deposit of GE private label credit card deposits and to

838063-v1         3

pay miscellaneous small bills. Any balances in this miscellaneous Account in excess of $20,000 are transferred to the Concentration Account.

11. Prior to the Petition Date, JPMorgan Chase funded Debtor's operations pursuant to the Revolving Credit Facility by deposits to the Debtor's Master Account at Arvest Bank, Account No. 11526955 ("the Master Account"). The Master Account then funds the Debtor's Payroll Account at Arvest Bank, Account No. 10915127 from which the Debtor's payroll is funded through transfers to ADP.

12. The Master Account also funds the Debtor's Operating Account at Arvest Bank, Account No. 12923382 ("the Operating Account"). The Operating Account is used by Debtor to pay all payables, including installation contracts, ACH and electronic funds transfers for taxes, including payroll taxes, and insurance.

### Withholding Taxes/Employee Deductions

13. In connection with the payment of salaries and hourly wages from the Debtor's bank accounts, the Debtor withholds (i) certain payroll taxes and segregates such amounts for payment to the relevant taxing authorities; and (ii) 401(k) plan contributions and loan repayments. Similarly, in the normal operation of its business, the Debtor withholds sales taxes for payment to various state taxing authorities. The Debtor maintains records of taxes owed, files the necessary tax returns and pays any taxes that are due. Amounts owed for withholding taxes are maintained separately as tax obligations.

### Books and Records/Business Forms

14. The Debtor maintains a sophisticated, automated record-keeping system with built-in accounting controls, which generate a large portion of their books and records. The

Debtor's accounting system is capable of tracking and separating prepetition versus postpetition periods and transactions. The Debtor's accounting system also generates preprinted business forms, including checks, invoices, purchase orders and stationery, many of which are used for numerous daily transactions. In view of the time delay, added expense and confusion that would be involved in creating new books and records and business forms, it is imperative that the Debtor be permitted to use its existing systems, accounts and business forms in order to avoid disruption to normal operations of its business.

## Relief Requested

15. Pursuant to 28 U.S.C. § 586(a)(3), the UST has established certain operating guidelines for chapter 11 debtors-in-possession. These guidelines require a debtor-in-possession to, among other things, (i) close all existing bank accounts and open new debtor-in-possession bank accounts, (ii) establish one debtor-in-possession account for all estate monies required for payment of taxes, including payroll taxes, (iii) physically set aside all monies required by law to be withheld from employees or collected from others for taxes, (iv) open a new set of books and records as of the petition date and (v) use new business forms indicating the debtor-in-possession status of the chapter 11 debtor. These requirements are intended to provide a clear line of demarcation between prepetition and postpetition transactions and operations, and to prevent the inadvertent payment of prepetition claims.

16. Contemporaneously with the filing of this Motion, the Debtor is filing a motion to use cash collateral. To the extent permitted by the Court in an Order authorizing Debtor to Use cash collateral, all postpetition deposits that had previously been made into the

838063-v1                                    5

Concentration Account will be made into a DIP Account which will be opened in accordance with the UST guidelines.

17. The Debtor requests that the Court enter an order authorizing the maintenance continued use of their existing cash management system, bank accounts, books and records and business forms as described above, and permitting the "replacement" Concentration Account with a DIP account into which all deposits that were previously made into the Concentration Account will be made and permitting transfers from the DIP account to fund the Master Account.

18. Section 105 of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate under § 105 because: (i) delays in payments to employees and/or vendors will impair the Debtor's reorganization efforts; (ii) opening new books and records and printing new business forms will create time consuming and costly administrative burdens at great cost to the estate; and (iii) the Debtor will be severely harmed by any delay or disruption in its business at this early, critical juncture in its rehabilitation.

19. Bankruptcy courts routinely authorize debtors to continue use of their prepetition cash management systems, as well as their existing bank accounts, books and records, and business forms. *See In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re New York City Shoes, Inc.*, 78 B.R. 426, 427 (Bankr.E.D. Pa. 1987).

20. The Debtor requests emergency consideration of the Motion. As stated above,

the Debtor believes a seamless transition into Chapter 11 is critical to the viability of its operations and their ultimate reorganization. Any delay in granting the relief requested could hinder the Debtor's transition and cause irreparable harm. As such the Debtor believes that emergency consideration is necessary.

21. A proposed order is attached as Exhibit 1.

WHEREFORE, the Debtor requests that the Court enter an order granting the relief set forth above and all other relief to which the Debtor is entitled.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, AR 72201
> Telephone: 501-371-0808
> Fax: 501-376-9442
> Email: ccoleman@wlj.com
> jhenry@wlj.com
> ktucker@wlj.com
> eberger@wlj.com
> dmaxwell@wlj.com
>
> By: _____
> Charles T. Coleman (80030)
> Judy Simmons Henry (84069)
> Kimberly Wood Tucker (83175)
> Attorneys for National Home Centers, Inc.

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was sent via CM/ECF transmission and/or regular U.S. Mail, postage prepaid, to the parties listed on the Special Service List attached hereto as Exhibit A this ___ day of December 2009.

_____
Charles T. Coleman

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: NATIONAL HOME CENTERS, INC.,     CASE NO. 4:09-bk-76195
Debtor     CHAPTER 11

## SPECIAL SERVICE LIST

United States Trustee
200 West Capitol Avenue, Ste 1200
Little Rock, AR 72201

Banc of America Leasing & Capital, LLC
2059 Northlake Parkway
4 South
Tucker, GA 30084

CitiCapital Commercial Corporation
PO Box 168647
Irving, TX 75016

CitiCapital Technology Finance, Inc.
1255 Wrights Lane
West Chester, PA 19380

CitiCorp Leasing, Inc.
450 Mamaroneck Avenue
Harrison, NY 10528

Frigidaire Financial Corporation
PO Box 855
Worthington, OH 43085

JPMorgan Chase Bank,
a NY Banking Corporation
2200 Ross Avenue, 3rd Floor
Dallas, TX 75201

840527-v1

David Weitman
K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, TX 75201

Liberty Bank of Arkansas
PO Box 10890
Fayetteville, AR 72703

Wells Fargo Equipment Finance, Inc.
733 Marquette Avenue, Suite 700
Minneapolis, MN 55042

Whirlpool Corporation
PO Box 166109
Irving, TX 75016

Whirlpool Corporation
500 Momany Drive
Saint Joseph, MI 49085

JP Morgan Chase
2200 Ross Avenue, 6th Floor
Dallas, TX 72501

Liberty Bank
P.O. Box 10890
Fayetteville, AR 72703

CitiCapital Technology
P.O. Box 550599
Jacksonville, FL 32255-0599

Bank of America
2059 Northlake Parkway, Suite 3
North Tucker, GA 30084

Bank of America
2059 Northlake Parkway, Suite 3
North Tucker, GA 30084

Newman Family LLC
2491 East Joyce Blvd.
Fayetteville, AR 72703

840527-v1                                2

3

Dwain and Glenda Newman
2491 East Joyce Blvd.
Fayetteville, AR 72703

Cedar Creek of Arkansas
P.O. Box 843717
Dallas, TX 75284-3717

Guardian Building Products
P.O. Box 207
Greenville, SC 29602

Cedar Creek
P.O. Box 843713
Dallas, TX 75284-3713

Shaw Industries, Inc.
P.O. Box 100775
Atlanta, GA 30384-0775

Boise Building Solutions Distribution
P.O. Box 471290
Tulsa, OK 74147-0465

Bluelinx – Atlanta
P.O. Box 536455
Atlanta, GA 30353-6455

Climatic Home Products
P.O. Box 25189
Columbia, SC 29224

Brandon Company
401 North Vine
North Little Rock, AR 72114

Universal Furniture International, Inc.
P.O. Box 751558
Charlotte, NC 28275-1588

Daltile Corporation
P.O. Box 730578
Dallas, TX 75373-0578

General Aluminum Company of Texas, LP
P.O. Box 841377
Dallas, TX 75284-1377

The Buying Source, LLC
P.O. Box 890727
Charlotte, NC 28278-0727

Adleta Company, Inc.
1645 Diplomat Drive
Carrollton, TX 75006

TBA, LLC
L-2944
Columbus, OH 43260-2944

Quality Wholesale Building Products
11701 Kinard
North Little Rock, AR 72117

Orgill, Inc.
P.O. Box 1000 Dept. 7
Memphis, TN 38148

Krestmark Industries, LP
P.O. Box 226837
Dallas, TX 75222-6837

Weather Shield Manufacturing, Inc.
Drawer 684061
Milwaukee, WI 53268-4061

Bent River Lumber
P.O. Box 4770
Tulsa, OK 74159

Henry Wurst, Inc.
P.O. Box 790379
St. Louis, MO 63179

840527-v1　　　　　　　　　　　　4

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: NATIONAL HOME CENTERS, INC.,     CASE NO. 4:09-bk-76195
Debtor     CHAPTER 11

## ORDER

This matter having come for hearing on the motion of National Home Centers, Inc. (hereinafter "Debtor" or "NHC"), for an order authorizing the continued use of existing (i) cash management system, (ii) bank accounts, (iii) books and records and (iv) business forms [Docket No. __] (the "Motion"), and the Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its Estate, creditors, and all other parties-in-interest and does not prejudice the right of any party-in-interest in this case, and it appearing that proper notice of the Motion was given, and it further appearing that no objections have been filed or that any timely objection is hereby overruled, and the Court having reviewed the record and being otherwise sufficiently advised and having considered the Motion HEREBY ORDERS;

1.     The Motion is GRANTED.

2.     The Debtor is authorized to maintain and use their current cash management system through their current bank accounts identified in the Motion without change in account number, account style, interruption, on the terms and conditions presently applicable to the respective accounts.

841166-v1


EXHIBIT 1

3. The Debtor is authorized to continue its existing practices as to amounts required by law to be withheld or collected for taxes, and the Debtor shall not be required to open new debtor in possession bank accounts solely for the setting aside of such amounts.

4. All banks at which the Debtor currently has bank accounts shall maintain and administer such accounts in accordance with the respective contracts entered into between the Debtor and such banks before the commencement of the Debtor's chapter 11 case and otherwise in accordance with past practice; provided, however, that no such bank shall honor any checks drawn on such bank accounts on dates before the commencement of this chapter 11 case except as may be approved by order of the Court.

6. The Debtor is excused from complying with the requirements of the Office of the United States Trustee that all checks issued by the Debtor postpetition bear the designation "debtor-in-possession," provided that the Debtor shall change the series of all checks to clearly distinguish the postpetition checks from any checks drawn on those accounts prepetition and further provided that upon depletion of the Debtor's check stock, the Debtor will obtain new check stock reflecting its status as debtor-in-possession.

7. Nothing herein modified or otherwise affects the applicability of the automatic stay of 11 U.S.C. § 362 to the banks at which the Debtor has accounts.

8. The Debtor is authorized to continue to use existing preprinted business forms.

9. The Debtor is authorized to continue to use existing books and records and shall not be required to establish new books and records as required by the United States Trustee's Operating Guidelines, provided that the Debtor makes appropriate notations in its books and records to reflect the filing of its Chapter 11 petition.

10. The Debtor shall promptly amend the signature cards for each of the Debtor's bank accounts to reflect its status as debtor-in-possession and shall provide a copy of such amended signature cards to the United States Trustee.

IT IS SO ORDERED

_____
UNITED STATES BANKRUPTCY JUDGE

DATE: _____

Prepared By:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: ccoleman@wlj.com
jhenry@wlj.com
ktucker@wlj.com

By _____
 Charles T. Coleman (80030)
 Judy Simmons Henry (84069)
 Kimberly Wood Tucker (83175)
 Attorneys for National Home Center, Inc.