UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE:  NATIONAL HOME CENTERS, INC.,           CASE NO. 5:09-bk-76195
            Debtor                                                          CHAPTER 11

**AMENDED APPLICATION OF DEBTOR FOR ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) AUTHORIZING THE DEBTOR TO EMPLOY CRG MANAGEMENT, L.L.C. AS FINANCIAL ADVISORS AND NOTICE OF OPPORTUNITY FOR HEARING**

National Home Centers, Inc. ("NHC" or the "Debtor"), submits this amended application pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 for authorization to employ CRG Partners Group LLC ("CRG"), as its financial advisor, effective as of the petition date, pursuant to the terms of an engagement letter between the Debtor and CRG dated December 16, 2009 (the "Engagement Letter"), and to limit and reduce notice as follows:

1.       On December 8, 2009 (the "Petition Date"), NHC filed a voluntary petition in this Court for reorganization relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no committees have been appointed or designated.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § § 157. Venue of this case is proper in this district pursuant to 28 U.S.C. § § 1408(1) and (2).

3. The statutory bases for the relief requested herein are sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

**Background**

4. NHC was founded in 1972 as a distributor and retailer of homebuilding materials to construction contractors, homebuilders and do-it-yourself consumers primarily in Arkansas, Oklahoma, Kansas and Missouri. NHC's product lines include appliances, home décor, dimensional lumber, hardware, doors, a wide variety of other construction and homebuilding materials, and furniture.

5. NHC operates retail home centers in Springdale, Russellville, Little Rock, Bentonville, North Little Rock, Conway, Fort Smith and Clarksville. A retail home center in Heber Springs was closed in June of 2009. NHC maintains its corporate office at 1106 N. Old Missouri Road in Springdale, Arkansas. NHC also operates retail flooring centers in Springdale and Conway. NHC presently employs approximately 514 people in Arkansas, approximately 321 of whom are hourly employees and 193 are salaried employees.

6. NHC's sales are conducted through building contractors and, although it maintains a solid reputation among its customer base, the nationwide decline in homebuilding activity has adversely affected Debtor's operations. The U.S. Department of Housing and Urban Development, estimated that privately-owned building permits indicating future construction projects declined 47% from May, 2008 to May, 2009 and privately owned

housing starts in May, 2009 were 45.2% below the May, 2008 levels. These market conditions substantially impacted NHC's sales. During the same period, credit markets providing NHC and related industry borrowers, including many of NHC's customers, with necessary revolving operating lines of credit have significantly tightened, and NHC's working capital has been significantly constricted.

7.  The bankruptcy filing provides NHC with the platform necessary to reorganize and restructure its operations as a going concern in order continue its business operations, maintain adequate working capital, minimize costs of the reorganization, protect the jobs of its employees and propose a plan of reorganization to pay its creditors.

8.  More complete information regarding NHC, its business, the financial challenges experienced by NHC, the events leading to this chapter 11 case, and NHC's objectives in reorganizing its financial affairs will be provided upon request.

### Facts Specific to the Relief Requested Herein

9.  By this Application, the Debtor seeks entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing the employment and retention of CRG as its financial advisors, effective as of December 9, 2009 pursuant to the terms of an Engagement Letter, a copy of which is attached hereto as Exhibit 1 and incorporated herein.

10.  CRG specializes in turnaround management, crisis management, performance improvement, financial restructuring, interim management, wind-down management, asset management, fiduciary services, and financial advisory and valuation services. CRG has extensive experience advising companies and serving interim management roles in industries ranging from aerospace and agriculture to telecommunications and utilities.

11. Subject to the Court's approval, CRG will be compensated for its services in this chapter 11 case pursuant to the Engagement Letter at the following hourly rates:

   a. Managing Partners         $525 - $625

   b. Partners                  $425 - $550 (Dan Dixon $475 per hour)

   c. Directors                 $275 - $425

   d. Associates                $200 - $275

   e. Administrative Assistants $100

12. In consideration of the size and complexity of its business, as well as the exigencies of the circumstances, the Debtor has determined that the services of an experienced advisor like CRG will substantially enhance its reorganization. The professionals at CRG are well qualified to act on the Debtor's behalf given their extensive knowledge and expertise regarding chapter 11 proceedings.

13. Debtor requests the authority to pay, in the ordinary course of its business, the compensation set forth herein and CRG's reimbursable expenses without the need for CRG to apply to the Court on a monthly basis for compensation and reimbursement of expenses.

14. The terms and conditions on which CRG's engagement may be terminated and on which CRG is entitled to indemnification are set forth in the appendix to the Engagement Letter.

15. The Debtor and CRG believe these provisions are customary and reasonable for the engagement set forth herein, both in out-of-court workouts and in chapter 11 reorganizations.

848950-v1

16.     The terms of the Engagement Letter were negotiated between the Debtor and CRG and reflect their evaluation of the scope of the work that will be performed by CRG. Accordingly, the Debtor submits that CRG's retention and employment should be granted and approved pursuant to the applicable provisions of the Bankruptcy Code.

17.     To the best of the Debtor's knowledge, information, and belief, other than as set forth herein or in the CRG Affidavit attached hereto as Exhibit 2, CRG has not represented and has no relationship with: (i) the Debtor; (ii) its significant creditors or equity security holders; (iii) any other parties in interest in this chapter 11 case; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the United States Trustee or any person employed in the office of the United States Trustee in any matter relating to this chapter 11 case.

18.     As set forth in the CRG Affidavit, the principals and professionals of CRG do not hold or represent an interest adverse to the Debtor's estates and are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code.

19.     Based on the foregoing, the Debtor believes the employment of CRG would be in the best interests of the Debtor, its estate, and all of its creditors in this chapter 11 case.

20.     Authorization to employ CRG prior to the 20 day period set forth in Federal Rule of Bankruptcy Procedure 6003 is necessary to avoid immediate and irreparable harm to the Debtor and its Estate. Debtor requests that the 20 day period be waived.

21.     Debtor requests that the notice of the filing of this Application be limited to the United States Trustee and all parties listed on the most recent Special Service List filed in this

case and the time for objections be reduced to 10 days from the date of the filing of this Motion.

22.     The Debtor believes that its primary lenders support the engagement of CRG.

23.     A copy of the proposed order authorizing Debtor to retain and employ CRG as financial advisors to the Debtor is attached hereto as Exhibit 3.

24.     ANY OBJECTIONS TO THE DEBTOR'S APPLICATION TO EMPLOY CRG AS FINANCIAL ADVISORS MUST BE FILED AND SERVED NO LATER THAN 5:00 P.M. ON DECEMBER 26, 2009. IN THE EVENT NO OBJECTION TO THIS MOTION IS FILED WITHIN THE TIME STATED, THE DEBTOR INTENDS TO SUBMIT AN ORDER TO THE COURT GRANTING THE MOTION AS FILED. ANY OBJECTION TIMELY FILED AND SERVED WILL BE SCHEDULED FOR A HEARING BY SUBSEQUENT NOTICE.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 3, authorizing the Debtor to retain and employ CRG as financial advisors for the Debtor and granting all other relief to which the Debtor is entitled..

848950-v1

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Telephone: 501-371-0808
Fax: 501-376-9442
Email: ccoleman@wlj.com
jhenry@wlj.com
ktucker@wlj.com

By: */s/ Kimberly W Tucker*
Charles T. Coleman (80030)
Judy Simmons Henry (84069)
Kimberly Wood Tucker (83175)
Attorneys for National Home Centers, Inc.

## CERTIFICATE OF SERVICE

On this 18 day of December, 2009, I hereby certify a copy of the foregoing was sent via CM/ECF transmission and/or regular U.S. Mail, postage prepaid, to the parties listed on the Special Service List dated December 15, 2009 [Docket No. 57].

*/s/ Kimberly W Tucker*
Charles T. Coleman

7

848950-v1