UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE:   NATIONAL HOME CENTERS, INC.,               CASE NO. 5:09-bk-76195
Debtor                                             CHAPTER 11

## DEBTOR'S MOTION FOR AUTHORITY
## TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS
### (Riverside Property)

National Home Centers, Inc., ("NHC" or "Debtor"), for its Motion for Authority to

Sell Property Free and Clear of Liens (the "Motion"), states:

1.      Debtor filed its petition in bankruptcy under Chapter 11 of the Bankruptcy Code

on December 8, 2009.

2.      This Court has jurisdiction of this matter under 28 U.S.C. § 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  This is a core proceeding under 28 U.S.C. §§

157(b)(2)(A) and (O).  Venue of this case is proper in this district pursuant to 28 U.S.C. §§

1408(1) and (2).

### Background

3.      NHC was founded in 1972 as a distributor and retailer of homebuilding

materials to construction contractors, homebuilders and do-it-yourself consumers primarily in

Arkansas, Oklahoma, Kansas and Missouri.  NHC's product lines include appliances, home

décor, dimensional lumber, hardware, doors, a wide variety of other construction and

homebuilding materials, and furniture.

4.      NHC operates retail home centers in Springdale, Russellville, Little Rock,

Bentonville, North Little Rock, Conway, Fort Smith and Clarksville.  NHC maintains its

corporate office at 1106 N. Old Missouri Road in Springdale, Arkansas. NHC also operates retail flooring centers in Springdale and Conway. NHC presently employs approximately 514 people in Arkansas, approximately 321 of whom are hourly employees and 193 are salaried employees.

5.      The bankruptcy filing provides NHC with the platform necessary to reorganize and restructure its operations as a going concern in order continue its business operations, maintain adequate working capital, minimize costs of the reorganization, protect the jobs of its employees and propose a plan of reorganization to pay its creditors.

## Relief Requested

6.      On or about December 28, 2009, Debtor received an offer pursuant to a Real Estate Contract, a copy of which is attached hereto as Exhibit "A" and incorporated by this reference (the "Riverside Contract"), from Claudia Vernice Gopar-Villanueva ("Purchaser") for the purchase of a residential house located at 3199 Riverside St., in Springdale, Washington County, Arkansas (the "Riverside Property"), for a sales price of Ninety Thousand Dollars ($90,000.00), with the Debtor to pay Purchaser's closing costs not to exceed $4,100.00.

7.      Debtor acquired the Riverside Property at a foreclosure sale for Twenty Thousand Dollars ($20,000) and invested another Twelve Thousand Five Hundred Dollars ($12,500) for repairs and improvements making Debtor's total capital investment in the Property approximately Thirty-Two Thousand Five Hundred Dollars ($32,500).

8.      Under the terms of the Riverside Contract, Debtor is required to pay costs associated with closing the transaction in an amount including a contractual fee to real estate brokers in the approximate amount of Five Thousand Four Hundred Dollars ($5,400).

9.      Debtor estimates that after payment of fees and costs associated with the sale of the Riverside Property, there will be net sale proceeds to the bankruptcy estate of approximately Seventy-Five Thousand Five Hundred Dollars ($75,500.00).

10.     The Riverside Property is unencumbered. There are no other interests in the Property known to Debtor.

11.     Purchaser is a third party purchaser and this is an arms-length transaction. Neither Debtor, its stockholders, officers, directors, nor employees have any relationship with Purchaser or any right to acquire any interest in the Property in the future.

12.     Debtor seeks authority to sell the Riverside Property to the Purchaser, free and clear of all liens and claims of creditors, for the gross sum of $90,000.00, and to pay reasonable costs of sale including real estate commissions under the terms of the Contract.

13.     The following are some of the business justifications for the sale of the Riverside Property:

(a)     The Riverside Property is necessary for the operation or reorganization of Debtor's business;

(b)     Sale of the Riverside Property will provide cash for Debtor's reorganization; and

(c)     If the sale of the Riverside Property is not permitted, Debtor will be required maintain the Property and incur additional operational expenses.

14.    The sale of the Riverside Property as set forth herein is in the best interest of Debtor and its creditors. The purchase price for the Riverside Property represents the fair market value of the Property.

15.    Contingent on approval of the Bankruptcy Court, the closing for the sale of the Riverside Property is set for January 30, 2010. Debtor therefore requests that the stay provisions of Bankruptcy Rule 6004(h) be waived.

16.    Debtor requests that the notice of the filing of this Motion be limited to all parties listed on the most recent Special Service List filed in this case as reflected in the Certificate of Service to this Motion which includes the U.S. Trustee, the secured lenders and creditors requesting notice.

17.    ANY AND ALL OBJECTIONS TO THE DEBTORS' MOTION FOR AUTHORITY TO SELL REAL PROPERTY AS SET FORTH IN THIS MOTION MUST BE FILED AND SERVED NO LATER THAN JANUARY 27, 2010. IN THE EVENT NO OBJECTION TO THIS MOTION IS FILED WITHIN THE TIME STATED, DEBTOR INTENDS TO SUBMIT AN ORDER TO THE COURT GRANTING THE MOTION AS FILED. ANY OBJECTION TIMELY FILED AND SERVED WILL BE SCHEDULED FOR A HEARING BY SUBSEQUENT NOTICE.

WHEREFORE, Debtor requests that the Court enter an order (i) authorizing the sale of the Riverside Property on the terms and conditions and for the consideration proposed free and clear of all liens, (ii) authorizing Debtor to execute any instrument necessary or appropriate to consummate the proposed sales and transfer of the Property to the Purchaser, (iii) authorizing the payment of reasonable costs of sale from the sales proceeds, including Seller's closing costs

not to exceed $4,100 and real estate commissions due on the sale; (iv) granting such other,

further or different relief as may be proper to effect the sale of the Property pursuant to 11

U.S.C. § 363 free and clear of liens, (v) limiting the notice to the special service list, (vii)

waiving the stay provisions of Bankruptcy Rule 6004(h) and (viii) granting all other relief to

which Debtor is entitled.

<div style="margin-left: 40%;">

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR  72201
Telephone:  501-371-0808
Fax:          501-376-9442
Email:  ccoleman@wlj.com
        jhenry@wlj.com
        ktucker@wlj.com

By:  _____
     Charles T. Coleman (80030)
     Judy Simmons Henry (84069)
     Kimberly Wood Tucker (83175)
     Attorneys for National Home Centers, Inc.

</div>

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was sent via CM/ECF transmission and/or regular U.S. Mail, postage prepaid, to the parties listed on the Special Service List Dated January 4, 2010 [Docket No.135] this 5th day of January, 2010.

_____
Charles T. Coleman