IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: NATIONAL HOME CENTERS, INC.,     CASE NO. 5:09-bk-76195
Debtor     CHAPTER 11

RESPONSE AND LIMITED OBJECTION TO THE MOTION
OF THE UNSECURED CREDITORS COMMITTEE FOR
APPROVAL OF THE ADEQUACY OF THE DISCLOSURE STATEMENT

The debtor-in-possession, National Home Centers, Inc (the "Debtor" or "NHC") for its response and limited objection to the adequacy of the disclosure statement filed on behalf of the Official Committee of Unsecured Creditors (the "Committee") states:

1. On October 13, 2010, the Committee filed its Disclosure Statement With Respect to Official Committee of Unsecured Creditors' Plan of Liquidation (the "Committee's Disclosure Statement"). Simultaneously with the filing of the Committee's Disclosure Statement, the Committee filed the Official Committee of Unsecured Creditors' Plan of Liquidation.

2. The Committee's Disclosure Statement has been set for a hearing before the court on November 16, 2010.

3. On October 22, 2010, the Debtor filed its Chapter 11 Plan of Liquidation and simultaneously filed its Disclosure Statement To Accompany The Chapter 11 Plan of Liquidation (the "Debtor's Disclosure Statement").

4. The Debtor's Disclosure Statement has been scheduled for a hearing before the court on November 16, 2010.

5.   The Committee's Disclosure Statement and the Debtor's Disclosure Statement should both be modified such that they conspicuously notify creditors who may be reviewing the disclosure statement that competing plans of liquidation have been filed by the Committee and by the Debtor and that the Committee's Disclosure Statement only applies to the Committee's Plan and that the Debtor's Disclosure Statement only applies to the Debtor's Plan. The respective disclosure statements should further be modified to notify creditors that they will have the right to vote on both plans.

6.   The Chapter 11 plans of both the Committee and the Debtor are plans of liquidation. The administrative costs and the hourly rates of the professionals, including the Trustee of the Liquidating Trust under the Committee Plan, the Dissolution Agent under the Debtor's Plan and their respective contractors who will assume the responsibility of implementing the respective Chapter 11 plans will therefore be a relevant factor for creditors to consider when voting on the respective plans. The Committee's Disclosure Statement should include a statement of the hourly rates to be charged by any contractors to be retained by the Trustee of the Liquidation Trust and the hourly rates charged by the attorneys to be retained by the Trustee. The Debtor will likewise supplement its Disclosure Statement with the hourly rates of its counsel as originally disclosed at the time the retention of Debtor's counsel was originally approved by the Court.

WHEREFORE, National Home Centers, Inc. prays that this objection be sustained and that the adequacy of the Committee's Disclosure Statement not be approved unless it is amended to refer to the Debtor's Disclosure Statement and Plan of Liquidation; the creditors'

right to vote on both plans; and that additional disclosure be provided relating to the administrative costs to be incurred in implementing the respective plans.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, AR 72201
> Telephone: 501-371-0808
> Fax: 501-376-9442
> Email: ccoleman@wlj.com
> jhenry@wlj.com
> ktucker@wlj.com
>
> By: _____
> Charles T. Coleman (80030)
> Judy Simmons Henry (84069)
> Kimberly Wood Tucker (83175)
> Attorneys for National Home Centers, Inc.

897571-v1     3